IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 15–cv–00258–WYD–KMT

MEHB KHOJA, and
RODOLFO GUIZAR REYES as the assignee of TEXAS SNACKS, LLC, on behalf of themselves and all other similarly situated persons,

    Plaintiffs,

v.

DPD SUB, INC., a Colorado corporation, and DPI SUB, INC. a Colorado corporation,

    Defendant.

---

## ORDER

---

This matter is before the court on Defendants' "Unopposed Motion for Stay." (Doc. No. 18, filed May 21, 2015.) For the following reasons, Defendants' Motion for Stay is GRANTED.

In this action, Plaintiffs asserts claims[1] for declaratory judgment, fraud in the inducement, and negligent misrepresentation arising out of a Franchise Agreement entered into between Plaintiffs and Defendants. (*See* Compl., Doc. No. 1, filed Feb. 6, 2015.) On March 9, 2015, Defendants filed a "Motion to Dismiss or, in the Alternative, to Stay the Proceeding and Compel Arbitration." (Doc. No. 6.) In that Motion, Defendants assert that the Franchise Agreement and a related Franchise Disclosure Agreement both contains mediation and arbitration provisions, which provide that any claims arising out of or related to the Franchise

---

[1] Plaintiffs' claims are asserted on behalf of themselves and others similarly situated. However, Defendants argue that, through the Franchise Agreement, Plaintiffs agreed to mediate and arbitrate any claims on an individual basis only.

Agreement must be submitted to non-binding mediation and, if mediation is not successful, to binding arbitration. (*Id.,* Ex. A & B.) Based on those provisions, Defendants argue that this court lacks jurisdiction over this matter or, alternatively, should compel the parties to submit to mediation and arbitration pursuant to the Federal Arbitration Act ("FAA") 9 U.S.C. § 1 *et seq.* Defendants' present Motion for Stay argues that this court should stay discovery and other proceedings in this matter until their Motion to Dismiss or Compel Arbitration is resolved.

The Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings. *See String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02–cv–01934–LTB–PA, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006) (unpublished). Nevertheless,

> [t]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance.

*Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936) (citing *Kansas City S. Ry. Co. v. United States*, 282 U.S. 760, 763 (1931)). Thus, although generally disfavored in this District, *see Bustos v. United States*, 257 F.R.D. 617, 623 (D.Colo.2009), a stay of proceedings is an appropriate exercise of the court's discretion.

"[A] court may decide that in a particular case it would be wise to stay proceedings until [certain challenges] have been resolved." *See* 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, FEDERAL PRACTICE AND PROCEDURE § 2040, at 198 (3d ed. 2010). Courts have also recognized that a stay of discovery may be appropriate if "resolution of a preliminary motion may dispose of the entire action." *Nankivil v. Lockheed Martin Corp.,* 216 F.R.D. 689, 692 (M.D. Fla. 2003). *See also Vivid Techs, Inc. v. Am. Sci. & Eng'r, Inc.,* 200 F.3d 795, 804

(Fed. Cir. 1992) ("When a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved."). When considering a stay of proceedings, this court considers: (1) the plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest. *See String Cheese Incident*, 2006 WL 894955, at *2 (citing *FDIC v. Renda*, No. 85–2216–O, 1987 WL 348635, at *2 (D.Kan. Aug. 6, 1987)).

As to the first factor, Plaintiffs do not oppose the Motion for Stay. As such, their interest in proceeding with this action does not weigh heavily in the court's analysis. Moreover, the court notes that the FAA represents a "liberal policy favoring arbitration." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 24-25 (1983). Defendants' arguments in favor of arbitration are at least facially compelling as Plaintiffs entered into two agreements containing medication and arbitration provisions. The court acknowledges that Plaintiffs argue that these provisions are illusory and therefore unenforceable. (*See* Resp. Mot. Dismiss, Doc. No. 8, filed Mar. 16, 2015.) Nevertheless, because Defendants have set forth a well-supported argument that arbitration must be compelled in this action, the court finds that requiring the parties to submit to full discovery prior to a ruling on Defendants' Motion to Dismiss or Compel Arbitration may unnecessarily subject them to "the very complexities, inconveniences and expenses of litigation that they determined to avoid." *See Merrill Lynch, Pierce, Fenner & Smith Inc. v. Coors,* 357 F. Supp. 2d 1277 (D. Colo. 2004) (quoting *Kleeper v. SLI, Inc.,* 45 F. App'x 136, 139 (3d Cir. 2002)).

As to the third factor, the court has a general interest in managing its docket by seeing cases proceed expeditiously. However, on the other hand, judicial economy and resources would plainly be wasted if the court allowed discovery to proceed, only to later determine that Plaintiffs' claims must be submitted to arbitration.[2]

Ultimately, having balanced the appropriate factors, the court finds that a stay of discovery is warranted in this case. Therefore, for the foregoing reasons, it is

ORDERED that Defendants' "Unopposed Motion for Stay" (Doc. No. 18) is GRANTED. All discovery and other proceedings are STAYED pending ruling on Defendants' Motion to Dismiss or Compel Arbitration. The parties shall file a Status Report with the court to advise whether the stay should be lifted and the scheduling deadlines reset no later than 10 days after ruling on the Motion to Dismiss or Compel Arbitration.

Dated this 22nd day of June, 2015.

BY THE COURT:

*Kathleen M. Tafoya*
Kathleen M. Tafoya
United States Magistrate Judge

---

[2] The last two factors do not appear to be implicated in this case and therefore have not been addressed by the court.